IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL NATHAN JOHNSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JOHN GRUBBS, Warden, )<br>)<br>Respondent. ) | Case No. 03-CV-774-HDC-SAJ |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner and appears *pro se*. Respondent has filed a response to the petition (Dkt. # 7) and has provided the state court record (Dkt. #s 8-12) necessary for resolution of Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On March 6, 2000, several officers of the Miami, Oklahoma, Police Department executed a search warrant at the home of Petitioner, Paul Nathan Johnson. Petitioner was present during execution of the search warrant. The officers found Coleman camping fuel and plastic tubing in Petitioner's truck. In Petitioner's home, the officers found aluminum foil containing a powdery substance, coffee filters with a reddish colored residue, three (3) syringes containing a brownish liquid, 12 bottles of pseudoephedrine pills, a partial case of Heet, a bottle of iodine, a Coleman catalytic stove, and a glass container with separated liquids. In addition, the officers found three (3) unloaded firearms in Petitioner's bedroom, including a shotgun found within arm's reach of Petitioner's bed, and a loaded firearm in the kitchen. The loaded firearm was within one foot of Petitioner's reach when the officers entered the kitchen. The distance between Petitioner's home and the Miami Kindergarten Center and Bell's Child Care Center was 266 feet. Other items recovered from Petitioner's home included a bottle containing a dark liquid, a tan

substance, a light bulb pipe, two foil packages, and used filter paper. Those items all tested positive for the presence of methamphetamine, a Schedule II controlled dangerous substance.

Petitioner was arrested and charged in Ottawa County District Court, Case No. CF-2000-197, with Attempt to Manufacture a Controlled Dangerous Substance (Methamphetamine) (Count I), Unlawful Possession of Methamphetamine Within 1000 Feet of a School (Count 2), Possession of a Weapon in the Commission of a Crime (Count 3), and Unlawful Possession of Paraphernalia (Count 4). Petitioner was tried by a jury and found guilty as charged on all four counts. The jury recommended sentences of twenty (20) years imprisonment and a fine of $50,000 (Count 1), four (4) years imprisonment and a fine of $10,000 (Count 2), two (2) years imprisonment (Count 3), and one (1) year imprisonment (Count 4). The trial court judge sentenced Petitioner in accordance with the jury's recommendation, ordering that the sentences be served concurrently.

Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner raised four (4) issues as follows:

I.  The simultaneous convictions for Count I, Attempt to Manufacture Controlled Dangerous Substance and Count II, -- Unlawful Possession of Controlled Dangerous Substance within 2,000 (sic) Feet of School, violated the statutory prohibition against double punishment and double jeopardy.

II. Insufficient evidence existed to convict Mr. Johnson of Possession of a Firearm in Commission of a Crime.

III. Insufficient evidence existed to convict Mr. Johnson of Attempt to Manufacture Controlled Dangerous Substance, Methamphetamine.

IV. Mr. Johnson's sentences were excessive.

(Dkt. # 7, Ex. A). On October 24, 2002, the OCCA entered its unpublished summary opinion vacating the fine imposed in Count 2, but otherwise affirming the Judgment and Sentence of the trial court. (Dkt. # 7, Ex. C).

In his petition, Petitioner states that he also filed a motion for judicial review pursuant to Okla. Stat. tit. 22, § 982a. According to Petitioner, the trial court granted relief and modified Petitioner's sentence on Count 1 to twenty (20) years with all but the first (10) suspended and a $50,000 fine. See Dkt. # 1 at 3.

On March 10, 2003, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 7, Ex. D. By order filed May 27, 2003, the requested relief was denied. See id. Petitioner filed a post-conviction appeal at the OCCA. By Order filed February 5, 2004, in Case No. PC-2004-49,[1] the appeal was dismissed.

On November 13, 2003, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), along with an appendix (Dkt. # 2). Petitioner raises the same four (4) claims raised on direct appeal. See Dkt. # 1. Respondent filed a response (Dkt. # 7) asserting that habeas corpus relief should be denied.

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that Petitioner has exhausted state remedies by presenting his claims to the OCCA in his direct appeal.

The Court also finds that an evidentiary hearing is not necessary as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B. Claims adjudicated by OCCA**

---

[1]Docket sheet viewed at www.oscn.net.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).

The OCCA adjudicated each of Petitioner's habeas claims on direct appeal. See Dkt. # 7, Ex. C. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

### *1. Double Jeopardy (claim 1)*

As his first proposition of error, Petitioner asserts that his convictions for both Attempt to Manufacture Methamphetamine and Possession of Methamphetamine Within 1000 Feet of a School are violative of Okla. Stat. tit. 22, § 11, and the Double Jeopardy Clauses of the State and Federal Constitutions. See Dkt. #s 1 and 2. The OCCA rejected this claim stating that "we find no double jeopardy, as each offense requires proof of a fact that the other does not, and no double punishment under the facts presented." (Dkt. # 7, Ex. C).

First, the Court finds that to the extent Petitioner claims he has suffered multiple punishments in violation of Okla. Stat. tit. 21, § 11, the claim shall be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction

4

violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2241. Petitioner's multiple punishment claim, based on Okla. Stat. tit. 21, § 11, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief under § 2254(d) on his double jeopardy claim. The Double Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989). This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct violates two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent." Id.; see also Missouri v. Hunter, 459 U.S. 359, 365 (1983). In the absence of clear legislative intent, courts must apply the Blockburger test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

In this case, although each of Petitioner's convictions resulted from evidence found in his house on March 6, 2000, they are not violative of the Double Jeopardy Clause as events resulting from a single criminal episode – the manufacture of methamphetamine, as argued by Petitioner. The crimes of Unlawful Possession of Methamphetamine Within 1000 Feet of a School and Attempt to Manufacture Methamphetamine are distinct and separate crimes. Unlike the crime of Attempt to Manufacture Methamphetamine, the crime of Unlawful Possession of Methamphetamine Within 1000 Feet of a School requires proof that the defendant unlawfully possessed methamphetamine "within one thousand (1000)

5

feet of the real property comprising a public or private elementary or secondary school, public vocational school, public or private college or university, or other institution of higher education." See Okla. Stat. tit. 63, § 2-402(C) (Supp. 1999). Similarly, unlike the crime of Unlawful Possession of Methamphetamine Within 1000 Feet of a School, the crime of Attempt to Manufacture Methamphetamine requires proof that the defendant knowingly attempted to manufacture methamphetamine. See Okla. Stat. tit. 63, § 2-401(F) (Supp. 1999). A violation of the Double Jeopardy Clause is not implicated in this case. Brown v. Ohio, 432 U.S. 161, 166 (1977) (holding that "[i]f each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes"); cf. Grider v. State, 743 P.2d 678 (Okla. Crim. App. 1987) (finding that crimes of unlawful cultivation of marijuana and unlawful possession of marijuana with intent to distribute each have at least one element that the other lacks, and therefore prosecution for both offenses is not barred by double jeopardy clauses of State or Federal Constitutions). The OCCA's rejection of this claim was not an unreasonable application of Federal law as determined by the Supreme Court. Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2254(d).

### 2. *Sufficiency of the evidence (claims 2 and 3)*

As his second and third propositions of error, Petitioner challenges the sufficiency of the evidence supporting his conviction on both Count 3, Possession of a Firearm in the Commission of a Felony, and Count 1, Attempt to Manufacture Methamphetamine.

The OCCA adjudicated these claims as part of Petitioner's direct appeal. As stated above, a writ of habeas corpus will not be issued on a claim adjudicated on the merits by a state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding," id. at § 2254(d)(2). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility.  Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996).  Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).  Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

As his second ground of error, Petitioner alleges that "insufficient evidence existed to convict Mr. Johnson of Possession of a Firearm in Commission of a Felony." (Dkt. # 1).  On direct appeal, Petitioner specifically alleged that the State failed to show beyond a reasonable doubt a nexus between the possession of the weapons and the underlying felonies.  See Dkt. # 7, Ex. A. The OCCA rejected this claim, finding "sufficient evidence to support a finding that Appellant had strategically placed a firearm for easy access and possible use while attempting to manufacture drugs." (Dkt. # 7, Ex. C).

7

After viewing the evidence in a light most favorable to the prosecution, the Court finds a reasonable jury could have found proof of Petitioner's guilt beyond a reasonable doubt of Possession of a Firearm During the Commission of a Felony. Danny Green, a narcotics investigator for the Miami Police Department testified that as he was assisting in the execution of the search warrant, he rounded a corner and made eye contact with Petitioner who was standing in the kitchen. See Dkt. # 12, Tr. Trans. Vol. II at 16. Petitioner then looked towards the cabinet to his left. Id. at 16, 21. The officers found a loaded .38 caliber handgun in the cabinet where Petitioner had looked. Id. at 17. It was an open-faced cabinet and the handgun was within twelve (12) inches of Petitioner's reach. Id. In addition, as discussed below, the State presented overwhelming evidence that Petitioner was attempting to manufacture a controlled dangerous substance, methamphetamine. The Court agrees with the OCCA's assessment that the evidence demonstrated that Petitioner had strategically placed a firearm for easy access and possible use while attempting to manufacture drugs. Therefore, the OCCA's rejection of this claim was not an unreasonable application of Jackson.

As his third ground of error, Petitioner alleges "insufficient evidence existed to convict Mr. Johnson of Attempt to Manufacture a Controlled Dangerous Substance, Methamphetamine." (Dkt. # 1). On direct appeal, Petitioner argued that "[t]he State's evidence failed to show any continuity to Appellant's actions," and that the evidence "was not sufficient to show Appellant was attempting to manufacture methamphetamine when the officers entered the house." See Dkt. # 7, Ex. A. The OCCA also rejected this claim, finding "the evidence more than sufficient to show that Appellant had gone beyond mere 'preparation' and was, in fact, in the process of manufacturing methamphetamine." (Dkt. # 7, Ex. C). After viewing the evidence in a light most favorable to the prosecution, the Court finds a reasonable jury could have found proof of Petitioner's guilt beyond a reasonable doubt of Attempt to Manufacture Methamphetamine. The police officers testified that Petitioner was the only occupant

8

present in the house when they executed the search warrant, see Dkt. # 10, Tr. Trans. Vol. I at 133, 164, and that the strong chemical odor associated with the manufacture of methamphetamine was present, see Dkt. # 11, Tr. Trans. Vol. II at 117. Upon searching the residence, they found materials, including bottles of pseudoephedrine, iodine, and red phosphorous, as well as equipment, including used coffee filters with residue, Heet, glassware with brown residue, funnels, a wooden spoon stained yellow, and a Coleman catalytic stove, all used in the manufacture of methamphetamine. See id. at 22-57. They also found glassware containing separated layers of liquid, id. at 44, 118, and used filters containing residue, see 31, 103, indicating various stages of production of methamphetamine. Many of the items of evidence recovered from the house tested positive for the presence of methamphetamine. Id. at 145-47. The cited evidence indicates Petitioner was attempting to manufacture methamphetamine and supports the OCCA's conclusion that the evidence was sufficient for a reasonable jury to find guilt beyond a reasonable doubt of Attempt to Manufacture Methamphetamine. Therefore, the OCCA's decision was not an unreasonable application of Jackson. Petitioner is not entitled to habeas corpus relief on his challenges to the sufficiency of the evidence.

### 3. *Excessive sentence (claim 4)*

As his fourth ground of error, Petitioner alleges that his sentences are excessive. On direct appeal, see Dkt. # 7, Ex. A, Petitioner presented a two-fold argument. First, he claimed that the trial court abused its discretion when it did not suspend a portion or all of his sentence. Second, he claimed that the fine imposed in Count II is not authorized by statute. The OCCA found Petitioner's second argument to be meritorious and, therefore, vacated the fine imposed as to Count II. However, the OCCA rejected Petitioner's first argument, finding that "the trial court did not abuse its discretion in refusing to suspend a portion of Appellant's sentence." (Dkt. # 7, Ex. C). Petitioner acknowledges that, pursuant to Okla. Stat. tit. 22, § 982a, the trial court did in fact subsequently modify his sentence

9

in Count 1 to twenty (20) years with all but the first ten (10) suspended. See Dkt. # 1 at 3.

To obtain federal habeas relief based on an allegedly excessive sentence, a litigant must show that his sentence "exceeds or is outside the statutory limits, or is wholly unauthorized by law." Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987); see also Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000); Vasquez v. Cooper, 862 F.2d 250, 255 (10th Cir. 1988) ("Generally, . . . appellate review of a sentence ends once it is determined that the sentence is within the limitations set by statute."); Herron v. United States, 551 F.2d 62, 64 (5th Cir. 1977) (*per curiam*) ("The severity of a sentence imposed within the statutory limits will not be reviewed."). Although incarcerating a defendant beyond a states's maximum applicable sentence "may implicate constitutional concerns, the period of incarceration within that time is necessarily discretionary with the sentencing judge." Vasquez, 862 F.2d at 255. Defendants have "no right to a particular sentence within the statutory limits." Id.

In the instant case, Petitioner's sentences were all within the limitations set by statute. See Okla. Stat. tit. 63, §§ 2-401(F), 2-402(C), 2-405(E) (Supp. 1999); 21 Okla. Stat. tit. 21, § 1287 (Supp. 1999). Furthermore, as noted above, the OCCA vacated the fine imposed as to Count 2. The trial court subsequently modified Petitioner's sentence on Count 1 to twenty (20) years with all but the first ten (10) years suspended. As a result, the Court finds Petitioner's requests for relief have been granted by the state courts. Because this Court could not grant more relief than he has already obtained from the state courts, Petitioner has failed to assert a cognizable claim. His request for habeas corpus relief based on an excessive sentence shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in favor of Respondent.

DATED THIS 9th day of February, 2007.

HONORABLE H. DALE COOK
Senior United States District Judge